**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Millennium TGA, Inc., a Hawaii corporation,<br><br>   Plaintiff,<br><br>v.<br><br>Mathew Michuta,<br><br>   Defendant. | No. CV12-2143 PHX DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Plaintiff has filed a motion for default judgment against Defendant Mathew Michuta. Doc. 12. The Court will grant the motion in part.

This is a civil action for copyright infringement. Doc. 1. The complaint was filed on October 9, 2012. Doc. 1. Defendant was served (Dos. 8-1), but has not answered or otherwise responded to the complaint. On December 13, 2012, the Clerk entered default against Defendant. Doc. 9. Plaintiff filed the motion for default judgment on January 15, 2013. Doc. 12. No response to the motion has been filed.

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the

policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting Plaintiff's motion. Defendant has not answered the complaint or otherwise appeared in this action. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. The Merits of Plaintiff's Claims and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)). A review of Plaintiff's complaint and attached exhibits shows that Plaintiff has stated valid causes of action against Defendant. *See* Doc. 1.

### C. The Amount of Money at Stake.

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. Plaintiff seeks $150,000.00 for violation of 17 U.S.C. §§ 101, *et seq*. Doc. 1 at 2. The Court deems this request excessive. Plaintiff's motion notes that the Court has discretion to reduce the amount of statutory damages awarded. Doc. 12 at 7. Because Plaintiff has not shown that Defendant's actions were undertaken for commercial gain, the Court will reduce the award to $10,000. The Court will also award costs and attorneys' fees of $5,350. *See* Doc. 12 at 8; Doc. 12-1.

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security*

*Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

### E. Whether Default Was Due to Excusable Neglect.

Defendant was served with the summons and complaint. Docs. 8-1. It therefore is "unlikely that [his] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

### F. The Policy Favoring a Decision on the Merits.

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court therefore is not precluded from entering default judgment against Defendants. *See id.*; *Gemmel*, 2008 WL 65604 at *5.

### G. Conclusion.

Having reviewed Plaintiff's motion and supporting documents, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate. The Court will grant default judgment against Defendant Mathew Michuta in the amount of $15,350.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 12) is **granted**.
2. Judgment is hereby entered in favor of Plaintiff and against Defendant Mathew Michuta in the amount of $15,350.00.
3. The Clerk shall terminate this action.

Dated this 22nd day of February, 2013.

David G. Campbell
United States District Judge

- 3 -